IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| IN RE: | ) | Chapter 11 |
|---|---|---|
| PLANT BAE, LLC, | ) | |
| Debtor-in Possession. | ) | Case Number: 24-30639 |

| PLANT BAE, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | Adversary Proceeding Number |
| v. | ) | _____ |
| QUICKBRIDGE FUNDING LLC, | ) | |
| Defendant. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff, Plant Bae, LLC, by and through the undersigned counsel, and presents this complaint for damages and injunctive relief against Defendant, QuickBridge Funding, LLC, and alleges as follows:

### **INTRODUCTION**

1. Plaintiff initiates this Complaint because of Defendant's intentional and willful violations of the automatic stay afforded by 11 U.S.C. § 362(a), and additionally, for an injunction requiring that Defendant cease further unlawful collection efforts.

2. Specifically, regarding such violations, Defendant has taken post-petition collection actions against Plaintiff, including post-petition collection calls and emails to Plaintiff, despite notice of and participation within the underlying bankruptcy case.

-1-

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 157(b)(l) and 1334(b), and the District Court's *Order of Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

4. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

5. Plaintiff, Plant Bae LLC, is a Domestic Limited Liability Company, has a principal office within the area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case.

6. Defendant, QuickBridge Funding, LLC, is a Foreign Limited Liability Company, has a principal place of business at 4380 La Jolla Village Dr., San Diego, California 92122, and is a creditor in the underlying bankruptcy case.

## FACTUAL ALLEGATIONS

7. On March 22, 2024, Plaintiff filed a *Voluntary Petition* and accompanying schedules ( collectively, the "Petition") under Subchapter V, Chapter 11, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 24-30639 ("Bankruptcy Case").

8. At the time the Petition was filed, Plaintiff was indebted to Defendant as the result of a promissory note purportedly and/or partially secured by a lien against certain items of property belonging to Plaintiff.

9. During the week of March 25, 2024, Plaintiff's sole member, Quebe Merritt, received a call from someone who introduced herself as in-house counsel for Defendant. When asked about the status of the debt, Ms. Merritt explained that Plaintiff filed a Chapter 11 bankruptcy the week earlier and provided Plaintiff's counsel information to the representative.

10. Ms. Merritt received an email from Tara Muren, in-house counsel for Defendant, on April 2, 2024, addressed to Ms. Merritt individually, offering a payment resolution, and a follow-up email from Tara Muren on April 26, 2024, offering "an attempt to work out a resolution before filing a lawsuit." Ms. Merritt understands that she signed a personal guaranty with Defendant. However, Defendant took additional steps that were clear attempts at collecting from Plaintiff, and Defendant has engaged and continues to engage in collection activities that are enjoined and prohibited by the automatic stay.

11. Specifically, after filing *Proof of Claim* number 5 ("Claim") in the Bankruptcy Case on May 8, 2024, Defendant began texting and emailing Plaintiff. An individual named Michael Jones, stating he is a "Legal Administrator" with the Law Offices of Joshua Provost sent emails and text mesages. His emails were addressed to Quebe Merritt, and Ms. Merritt's ex-husband and nephew were included, and one sent on June 28, 2024, (copy of which is attached as Exhibit "A") stated:

"Hello Quebe Merritt,

This is Michael calling you from the law offices of Joshua Provost in regards QUICKBRIDGE FUNDING We have been instructed to foreclose on the UCC1 lien that they hold against your company PLANT BAE LLC, Please give me a call or have your attorney give me a call back. Your past due balance is $8,380.93 and if you would like to present a lump sum counter offer settlement."

12. On July 23, 2024, Plaintiff received an email from Grubhub, a merchant that Plaintiff uses on a daily basis and is necessary for the continued operation of the business and for an effective reorganization. The email stated:

"Dear Valued Partner,

We are in receipt of the attached notice from your secured creditor instructing us, pursuant to the Uniform Commercial Code, to make all payments in respect of certain of our payables otherwise due and owing to you directly to such secured party. If you dispute the validity of the attached UCC lien notice, please contact the lien holder at the number provided in the attached notice in writing within three days of your receipt of this message.

If you dispute the validity of this notice, please provide us any available proof in support of your position. Unless you are able to satisfy us that we should not redirect payments to such secured parties, we will withhold funds otherwise due under your account and may be required to remit such funds to such secured creditor in accordance with the attached lien notice. Please note, that we may be unable to continue to pay you directly without the prior written consent of such secured party or an official release from such secured party."

13. The email from Grubhub contained attachments that included a copy of the UCC lien notice, a copy of the contract between Plaintiff and Defendant, and a letter from the Law Office of Joshua J. Provost, addressed to Grubhub, stating:

"RE: Merchant- Plant Bae LLC
Tax ID# -84-4533110
Balance Due - $8,037.41
Enforcement of UCC1 Lien

-4-

Case 24-03037   Doc 1   Filed 07/24/24   Entered 07/24/24 14:26:55   Desc Main
Document      Page 4 of 8

# NOTICE OF ENFORCEMENT OF UCC-1 LIEN
# IMMEDIATE ACTION REQUIRED

Dear Legal Department:

Our office represents National Funding/QuickBridge Funding. **National Funding/QuickBridge Funding** ("NAF") and **Plant Bae LLC** (Merchant) have entered into a Merchant Agreement, dated **July 27, 2023** (the "Merchant Agreement"), a copy of which is enclosed with this letter. Pursuant to the first sentence of the Merchant Agreement, the Merchant has sold, assigned and transferred to National Funding/QuickBridge Funding a certain percentage of its future receivables. Please note that National Funding/QuickBridge Funding is both the Secured Party and the "**FUNDER**" referenced throughout the Security Agreement.

The Merchant is in default under the terms of the Merchant Agreement due to either a change in its financial institution and/or depositing accounts or lack of performance with reference to the agreed upon debits, without the prior written consent of National Funding/QuickBridge Funding (the "Event of Default"). The balance currently due and owing to National Funding/QuickBridge Funding, LLC pursuant to the Merchant Agreement is outlined above.

The terms of the Merchant Agreement: (I) permits National Funding/QuickBridge Funding to notify the Merchant's bank, bank processor, other entities of the sale of receivables and to direct the Merchant's bank, processor, other entities to make payment directly to National Funding/QuickBridge Funding of all or any portion of the amounts received by such bank, bank processor, other entities and (ii) irrevocably appoints National Funding/QuickBridge Funding as the Merchant's agent and attorney-in-fact with full authority to take any action or execute any instrument or document and to settle all obligations due to National Funding/QuickBridge funding, including collecting money and directing third parties to make payment to National Funding/QuickBridge Funding in satisfaction of the amounts owed under the Merchant Agreement.

This notice is given to you pursuant to Section *9-406 of the Uniform Commercial Code.* Please confirm, in writing, your agreement to direct any future receipts, funds, net transactions or any other monetary holdings to our office on behalf of National Funding/QuickBridge Funding. This instruction is to take effect on the date received as per the certified receipt signature and remain in place until the total balance due is satisfied, or until you receive further instruction from National Funding/QuickBridge Funding.

Case 24-03037    Doc 1    Filed 07/24/24    Entered 07/24/24 14:26:55    Desc Main
Document    Page 5 of 8

Should you have any questions or wish to discuss the matter further, feel free to contact my office at 661-584-4800 ext 101 or via email at info@crilegal.com"

14. The email from Grubhub and the attachments to the email containing the letter from Joshua J. Provost and other documents is attached as Exhibit "B".

15. Plaintiff now has to spend time and resources on taking steps to prevent Grubhub from withholding funds for Plaintiff's daily operations.

16. Despite Defendant's indisputable knowledge of the Bankruptcy Case, and further, despite its participation within the Bankruptcy Case, it has made the conscious and deliberate decision to continue pursuit of Plaintiff, notwithstanding the protections afforded by the automatic stay of 11 U.S.C. § 362(a).

17. Defendant made the conscious and deliberate decision to engage the services of its counsel in the attempted collection efforts and Defendant has made or caused to be made one or more post-petition collection calls, emails and text messages to Plaintiff.

18. Plaintiff believes that, in the absence of the intervention of this Honorable Court, Defendant will continue with its unlawful collection efforts, which may or will ultimately interfere with Plaintiffs efforts to reorganize within the Bankruptcy Case.

19. Defendant's violations of the automatic stay are and were intentional and willful in that Defendant committed such acts after notice of and participation within the Bankruptcy Case; because of Defendant's intentional and willful violations of the automatic stay, Plaintiff has been forced to retain counsel in this matter.

20. Plaintiff reasonably believes that the intervention of this Honorable Court is necessary to redress these violations.

21. Defendant's conduct, in its entirety, rises to the level of willfulness and has interfered with the purposes of the Bankruptcy Code.

22. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that Defendant's efforts have interfered with its daily business activities and have caused concerns with its finances and further have caused Plaintiff to be required to retain counsel to redress this situation.

## COUNT I
## WILLFUL VIOLATIONS OF 11 U.S.C. §§ 362(a)(l) and (6)

23. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

24. Defendant violated 11 U.S.C. §§ 362(a)(l) and (6) as more so identified herein above.[1]

25. Defendant's acts or omissions to act, as described herein above, which Defendant undertook with knowledge of and after participation within the Bankruptcy Case, constitute intentional and willful violations of the automatic stay.

26. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that Defendant's efforts have interfered with its daily business activities and have caused concerns with its finances and further have caused Plaintiff to be required to retain counsel to redress this situation.

---

[1] (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–
    (1)    the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
...
    (6)    any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
...
*See* 11 U.S.C. §362(a).

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff respectfully moves this Honorable Court for an Order, *inter alia:*

    a.    declaring that Defendant has willfully violated the aforementioned automatic stay provision(s) of 11 U.S.C. § 362(a);

    b.    awarding to Plaintiff and against Defendant actual, compensatory and punitive damages for Defendant's willful violations of the aforesaid automatic stay provisions of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(k);

    c.    awarding to Plaintiff and against Defendant the fees, costs and expenses of this litigation, pursuant to 11 U.S.C. § 362(k); and

    d.    awarding such other and further relief as this Honorable Court deems just and appropriate, including the equitable relief requested herein.

                /s/ Paul D. Esco
                PAUL D. ESCO ASB-3772-O61P
                Attorney for Plaintiff/Debtor-in-Possession

OF COUNSEL:
PAUL D. ESCO
ATTORNEY AT LAW, LLC
2800 Zelda Road; Suite 200-7
Montgomery, AL 36106
334/832-9100
334/832-4527 [fax]
E-mail: paul.esco@aol.com